# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| TERRENCE T. SMITH, JR., | : | HABEAS CORPUS |
|     Petitioner, | : | 28 U.S.C. § 2241 |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:12-CV-3292-TWT-GGB |
| KEM KIMBROUGH, et al., | : | |
|     Respondents. | : | |

## FINAL REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner Terrence T. Smith, Jr., an inmate at the Clayton County Jail in Jonesboro, Georgia, has filed a habeas corpus petition under 28 U.S.C. § 2241. Petitioner has paid the filing fee, and the matter is now before me for a review of the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (hereinafter "Rule 4").[1]  For the reasons discussed below, I recommend that the petition be dismissed without prejudice.

---

[1] Rule 4 requires the court to order summary dismissal of a petition for habeas corpus "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Under Rule 1(b), the Rules Governing Section 2254 Cases in the United States District Courts are also applicable to 28 U.S.C. § 2241 cases.

## Petitioner's Claims

Petitioner contends that he was subjected to an unconstitutional search and seizure, which has resulted in his pending state criminal charges. According to Petitioner, his hotel room was searched without a warrant, apparently because Petitioner was accused of taking someone's vehicle, cell phone, and marijuana. Petitioner contends that the investigation and criminal proceedings have been unlawfully conducted in his case. Petitioner seeks release pending the outcome of his trial.

## Discussion

Untried state charges may be challenged under § 2241 only under extraordinary circumstances. In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that a federal court should not grant relief that interferes with a pending state criminal prosecution. If Petitioner is currently awaiting trial, an order by this Court directing any type of relief would have the type of disruptive effect which *Younger* prohibits. *See Maharaj v. Sec'y for Dep't of Corr.*, 304 F.3d 1345, 1348 (11th Cir. 2002).

"In *Younger*, the Supreme Court set out three exceptions to the abstention doctrine: (1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised." *Hughes v. Attorney General of Florida*, 377 F.3d 1258, 1263 n.6 (11th Cir. 2004) (citing *Younger*, 401 U.S. at 45, 53-54). Petitioner's allegations that he is being held on charges as a result of an unlawful search and seizure do not fall within the above exceptions to the *Younger* doctrine. Petitioner's state criminal proceedings are at the early stages, and he will be able to raise his defenses in the state courts. Petitioner has not alleged irreparable injury or a flagrant violation of his rights, and his allegations do not demonstrate that his prosecution is motivated by bad faith. Thus, this Court is prohibited from interfering in Petitioner's state criminal proceedings under the *Younger* abstention doctrine.

Furthermore, 28 U.S.C. § 2254(c) provides that: "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." Petitioner has at least one remedy available to him. He can file a petition for state habeas corpus relief under O.C.G.A.

3

§ 9-14-1(a), which states, "Any person restrained of his liberty under any pretext whatsoever, except under sentence of a state court of record, may seek a writ of habeas corpus to inquire into the legality of the restraint." Petitioner has not alleged that he has attempted to seek state habeas corpus relief. So long as review is available in the Georgia courts, 28 U.S.C. § 2254(b)(1) prevents this Court from granting Petitioner habeas corpus relief.

## **Certificate of Appealability**

Based on the statutory language of 28 U.S.C. § 2253(c)(1), state prisoners proceeding under § 2241 must obtain a certificate of appealability to appeal. *See Sawyer v. Holder*, 326 F.3d 1363, 1364 n.3 (11th Cir. 2003). According to Rule 11 of the Rules Governing Section 2254 Proceedings for the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), a certificate of appealability shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural

ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

I find that Petitioner has failed to make a substantial showing of the denial of a constitutional right. This Court is prohibited from interfering in Petitioner's ongoing state criminal proceedings, and he also has state remedies available to protect his rights. Thus, a certificate of appealability should not issue.

## **Conclusion**

Based on the foregoing, **I RECOMMEND** that, under Rule 4, the petition [Doc. 1] be **DENIED** and this action be **DISMISSED WITHOUT PREJUDICE**.

**I FURTHER RECOMMEND** that a certificate of appealability be **DENIED**.

The Clerk is **DIRECTED** to withdraw the reference to me.

**IT IS SO RECOMMENDED**, this 30th day of November, 2012.

_____
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)